JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHRISTOPHER PRICE

## DEFENDANTS
SCHWAN'S CONSUMER BRANDS

**(b)** County of Residence of First Listed Plaintiff: **CHESTER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **CHESTER**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, ADA, PHRA
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00 in excess
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/01/2018
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 610 Southern Drive, West Chester, PA 19380

Address of Defendant: 8500 Normand Lake, Bloomington, MN 55437

Place of Accident, Incident or Transaction: 610 Southern Drive, West Chester, PA 19380

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/01/2018     /s/ Sidney L. Gold, Esq.     21374
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 11/01/2018     /s/ Sidney L. Gold, Esq.     21374
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 610 Southern Drive, West Chester, PA 19380

Address of Defendant: 8500 Normand Lake, Bloomington, MN 55437

Place of Accident, Incident or Transaction: 610 Southern Drive, West Chester, PA 19380

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/01/2018   /s/ Sidney L. Gold, Esq.   21374
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
  1. Indemnity Contract, Marine Contract, and All Other Contracts
  2. FELA
  3. Jones Act-Personal Injury
  4. Antitrust
  5. Patent
  6. Labor-Management Relations
  ☑ 7. Civil Rights
  8. Habeas Corpus
  9. Securities Act(s) Cases
  10. Social Security Review Cases
  11. All other Federal Question Cases
      *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
  1. Insurance Contract and Other Contracts
  2. Airplane Personal Injury
  3. Assault, Defamation
  4. Marine Personal Injury
  5. Motor Vehicle Personal Injury
  6. Other Personal Injury *(Please specify):* _____
  7. Products Liability
  8. Products Liability – Asbestos
  9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 11/01/2018   /s/ Sidney L. Gold, Esq.   21374
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CHRISTOPHER PRICE | : | CIVIL ACTION |
| v. | : | |
| SCHWAN'S CONSUMER BRANDS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (☑)

| | | |
|---|---|---|
| 11/01/2018 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER PRICE, | CIVIL ACTION NO: |
| *Plaintiff,* | |
| v. | |
| SCHWAN'S CONSUMER BRANDS, | |
| *Defendant.* | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

I. **PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of the Plaintiff, Christopher Price ("Plaintiff Price"), a former employee of the Defendant, Schwan's Consumer Brands ("Defendant"), who has been harmed by the Defendant's discriminatory and unlawful employment practices.

2. This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, et. seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et. seq.

II. **JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiffs Price's

-1-

claims are substantively based on both the FMLA and the ADA, and a substantial part of the events giving rise to Plaintiff Price's claims occurred within this district.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Price's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Price has satisfied all jurisdictional prerequisites to the maintenance of this action. On October 11, 2018, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue and this action has been filed within ninety (90) days of receipt of said notice.

### III.   PARTIES:

6. Plaintiff, Christopher Price ("Plaintiff Price"), is a fifty-one (51) year old male citizen of the Commonwealth of Pennsylvania, residing therein at 610 Southern Drive, West Chester, Pennsylvania 19380.

7. Defendant, Schwan's Consumer Brands ("Defendant"), was and is now a corporation duly organized and maintaining a place of business at 8500 Normand Lake Bloomington, Minnesota 55437.

8. At all relevant times, Plaintiff Price worked out of his home office located at 610 Southern Drive, West Chester, Pennsylvania 19380.

9. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the FMLA, the ADA, and the PHRA, and accordingly is subject to the provisions of each said Act.

## IV. STATEMENT OF CLAIMS

11. Plaintiff Price was employed by the Defendant from in or about October of 2010 until on or about November 7, 2016, the date of his unlawful termination.

12. During the course of his employment with the Defendant, Plaintiff Price held the position of Customer Service Representative and at all times relevant hereto maintained a satisfactory job performance rating in said capacity.

13. By way of background, from on or about August 26, 2015 until on or about September 26, 2015, Plaintiff Price experienced chest pain and heart complications necessitating multiple hospital visits. During this time, Plaintiff Price frequently updated Tom Stephens ("Stephens"), Manager, when he would be unable to report to work. Stephens, during this one (1) month time period, informed Plaintiff Price to take time off when needed to properly care for himself.

14. By way of further background, on or about September 27, 2015, Plaintiff Price was admitted to the Intensive Care Unit of his local hospital due to experiencing decreasing oxygen levels.

15. Shortly thereafter, on or about September 29, 2015, Plaintiff Price's wife emailed Stephens, informing him that Plaintiff Price was in the Intensive Care Unit and could not report to work.

16. On or about September 30, 2015, Plaintiff Price's treating emergency room physician diagnosed him with Atrial Fibrillation, Atrial Flutter, and Heart Failure. Said medical conditions constitute disabilities under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that they substantially interfere with one or more major life activities, including, but not limited to breathing and regular blood flow.

17. On said date, Plaintiff Price's wife sent Stephens a text message informing him that Plaintiff Price was still in the hospital and would be unable to report to work for the time being. In response, Stephens bluntly stated that he was down a man and needed Plaintiff Price back at work.

18. Immediately thereafter, the Defendant, through its agents, servants, and employees, embarked upon a campaign of discrimination against Plaintiff Price on the basis of his actual and/or perceived disability and/or record of impairment (Atrial Fibrillation, Atrial Flutter, Heart Failure, and Asthma).

19. Plaintiff Price was released from the hospital on or about October 5, 2015. Upon his release, Plaintiff Price's physician advised him not return to work, but if he had to do so he should be restricted to light duty.

20. Immediately thereafter, Plaintiff Price informed Stephens of his physician's directives and requested a reasonable accommodation in the form of light duty. Stephens stated that the Defendant "does not have light duty," and that Plaintiff Price would have to work ten (10) to fifteen (15) hour days. Throughout the course of the conversations,

Stephens ultimately agreed to allow Plaintiff Price to work eight (8) hour days with "help."

21. Immediately thereafter, the Defendant, through its agents, servants, and employees, embarked upon a campaign of retaliation against Plaintiff Price for requesting a reasonable accommodation for his disability (Atrial Fibrillation, Atrial Flutter, Heart Failure, and Asthma).

22. On or about October 12, 2015, Plaintiff Price returned to work. Despite the aforementioned accommodation, Stephens required Plaintiff Price to work a ten (10) hour day. When Plaintiff Price reminded Stephens that he had previously agreed to Plaintiff Price's eight (8) hour work day accommodation, Stephens informed him that if he "cannot do the job he should leave." Furthermore, Stephens egregiously asked Plaintiff Price what he was complaining about considering he had just returned from "a six (6) week vacation." Thereby insinuating that Plaintiff Price's extensive hospital stay that included intubation and intensive care was a "vacation."

23. At the end of the work day on or about October 12, 2015, Stephens informed Plaintiff Price that the Defendant would no longer provide him with any "help," thereby failing and refusing to accommodate him.

24. In or about early December of 2015, Plaintiff Price had a follow-up appointment with his physician. During said appointment, Plaintiff Price's physician informed him that he would need an Oblation procedure and scheduled said procedure for December 21, 2015.

25. Immediately thereafter, Plaintiff Price requested leave pursuant to the Family and Medical Leave Act ("FMLA")from December 21, 2015 until December 23, 2015 for the procedure, and the Defendant approved the same.

26. In or about late April of 2016, Jeff Cook ("Cook"), became the Manager for Plaintiff Price's region while Stephens continued as a Manager in a separate region.

27. By way of background, the Defendant's business delivers its products to numerous retail stores. Said products are delivered by truck driven by "drivers." Furthermore, Plaintiff Price, in his capacity as Customer Service Representative, addresses issues and concerns related to the delivery of the Defendant's products.

28. On or about June 13, 2016, Plaintiff Price received a telephone call from Cook. During said call, Cook berated Plaintiff Price because three (3) stores, that The Defendant delivers products to, had allegedly refused to accept orders from the driver. Plaintiff Price immediately called said stores, who informed Plaintiff Price that there were no issues and that the orders were welcomed. Notably, Plaintiff Price learned shortly thereafter that the driver on said orders was Stephens. Upon information and belief, Stephens was driving because the driver in his region took the day off.

29. Shortly thereafter, on or about June 17, 2016, during a telephone call, Cook unjustifiably threatened Plaintiff Price with termination if something like the aforementioned June 13, 2016 incident occurred again.

30. On or about October 25, 2016, Plaintiff Price felt severely ill. As a result, he telephoned Cook and requested the day off of work. Cook bluntly denied said request, informing Plaintiff Price that he "has to go in."

31.     The following day, on or about October 26, 2016, Plaintiff Price again felt severely ill. Accordingly, he went to the hospital where doctors determined that his oxygen saturation levels were at a critical level due to his Asthma. Plaintiff Price was subsequently rushed to the Intensive Care Unit.

32.     While Plaintiff Price was in the Intensive Care Unit, Plaintiff Price's wife telephoned Cook and informed him of Plaintiff Price's condition and his inability to come into work.

33.     On or about October 30, 2016, Plaintiff Price's condition improved enough for his physician to release him to go home. Moreover, Plaintiff Price's physician instructed him to take leave from work from on or about October 30, 2016 until on or about November 7, 2016. Immediately thereafter, Plaintiff Price telephoned Cook and requested leave pursuant to the FMLA. The Defendant approved the same.

34.     From on or about October 30, 2016 until on or about November 7, 2016, Cook made numerous telephone calls to Plaintiff Price inquiring as to when he would return to work. At all times, Plaintiff Price notified Cook that he intended to return to work on November 7, 2016.

35.     Shortly thereafter, on or about November 4, 2016, Cook emailed Plaintiff Price and demanded that Plaintiff Price engage in a conference call with Cook and Steve LNU ("Steve"), Human Resources Representative, at 8:00 A.M. on November 7, 2016, the date of his return to work.

36.     On or about November 7, 2016, Plaintiff Price reported to work and telephoned into the aforementioned conference call. During said conference call, Cook

informed Plaintiff Price that he was being terminated due to alleged performance issues. However, when Plaintiff Price requested further explanation, Cook refused to provide any such details. Notably, said conference call was scheduled on or about November 4, 2016, thereby evidencing the Defendant's decision to terminate Plaintiff Price while he was on leave.

37. Plaintiff Price believes and avers that the Defendant's articulated reason for termination was pretextual and that Plaintiff Price was actually terminated on the basis of his actual and/or perceived disabilities and/or record of impairments (Atrial Fibrillation, Atrial Flutter, Heart Failure, and Asthma) and for requesting reasonable accommodations.

## COUNT I
### (Violation of the FMLA – Interference and Retaliation)
### Plaintiff Price vs. the Defendant

38. Plaintiff Price incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

39. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Price for exercising his statutory rights pursuant to the FMLA, and interfering with his rights to exercise leave pursuant to the FMLA constituted violations of the FMLA.

40. As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Price has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of

certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

41.     By reason of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Price is entitled to liquidated damages, which he hereby claims of the Defendant.

## COUNT II
### (Violations of the ADA – Disability Discrimination, Failure to Accommodate, and Failure to Engage in the Interactive Process)
### Plaintiff Price vs. the Defendant

42.     Plaintiff Price incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

43.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Price to unlawful discrimination on the basis of his actual and/or perceived disabilities and/or record of impairments (Atrial Fibrillation, Atrial Flutter, Heart Failure, Asthma), failing to accommodate Plaintiff Price, and failing to engage in the interactive process with Plaintiff Price, constitute violations of the ADA.

44.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Price sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

45.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff

Price suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (Violation of the ADA – Retaliation)
### Plaintiff Price vs. the Defendant

46. Plaintiff Price incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth at length herein.

47. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Price for requesting a reasonable accommodation, constitute a violation of the ADA.

48. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Price sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

49. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Price suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (Violations of the PHRA – Disability Discrimination, Failure to Accommodate, And Failure to Engage in the Interactive Process)
### Plaintiff Price vs. the Defendant

50. Plaintiff Price incorporates by reference paragraphs 1 through 49 of this Complaint as though fully set forth at length herein.

51. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Price to unlawful discrimination on the basis of his actual and/or perceived disabilities and/or record of impairments (Atrial Fibrillation, Atrial Flutter, Heart Failure, Asthma), failing to accommodate Plaintiff Price, and failing to engage in the interactive process with Plaintiff Price, constitute violations of the PHRA.

52. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Price sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

53. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Price suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (Violation of the PHRA – Retaliation)
### Plaintiff Price vs. the Defendant

54. Plaintiff Price incorporates by reference paragraphs 1 through 53 of this Complaint as though fully set forth at length herein.

55. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Price for requesting a reasonable accommodation, constitute a violation of the PHRA.

56. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Price sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

57. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Price suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

58. Plaintiff Price incorporates by reference paragraphs 1 through 57 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Price respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and Order the following relief:

   a. A declaratory judgment that the Defendant has violated Plaintiff Price's rights pursuant to the aforesaid causes of action;

   b. Defendant compensate Plaintiff Price for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

   c. Defendant compensate Plaintiff Price with an award of front pay, if appropriate;

   d. Defendant pay to Plaintiff Price liquidated damages, as allowable under the FMLA.

e. Defendant pay to Plaintiff Price compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as allowable by law.

f. Defendant pay to Plaintiff Price punitive damages under any applicable law, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees, as allowable by law;

g. Defendant pay to Plaintiff Price such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff Price demands a trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

Dated: November 1, 2018

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 10/30/18

CHRISTOPHER PRICE, PLAINTIFF